

E-FILED
Friday, 09 December, 2005  03:46:39 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos.  05-30039 & |
| | ) |         05-30056 |
| BRIAN DYER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court for Defendant Brian Dyer's sentencing hearing held December 2, 2005.  Dyer was present in person and through his counsel, Assistant United States Public Defender Douglas Beevers.  The Government was present through Assistant United States Attorney Gregory Gilmore.  On July 15, 2005, Dyer entered an open plea of guilty in Case No. 05-30039 to a one-count Indictment charging Illegal Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g).  On the same date, Dyer waived indictment and entered an open plea of guilty in Case No. 05-30056 to an Information charging Illegal Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §

1

922(g) (Count I) and Possession of Pseudoephedrine with Intent to Manufacture a Controlled Substance in violation of 21 U.S.C. § 841(c)(1) (Count II).

The Court was in receipt of a revised Presentence Report (PSR), dated November 18, 2005, prepared by the United States Probation Office. Dyer objected to the PSR's imposition of a career offender enhancement pursuant to U.S.S.G. § 4B1.1(a) in connection with the pseudoephedrine charge. Dyer filed a Sentencing Memorandum in support of his objection. <u>Sentencing Memorandum, Case No. 05-30039 (d/e 5); Case No. 05-30056 (d/e 4)</u>. Dyer argued that the career offender enhancement was inapplicable because pseudoephedrine is not a controlled substance. For reasons stated of record, the Court denied Dyer's objection. In so doing, the Court noted that Commentary Note 1 to U.S.S.G. § 4B1.2 states that unlawfully possessing a listed chemical with intent to manufacture a controlled substance is a "controlled substance offense," and pseudoephedrine is classified as a List I chemical.

Therefore, the Court accepted the PSR as written and adopted its findings. The firearms charges (Case No. 05-30039 and Count I of Case No. 05-30056) were grouped pursuant to U.S.S.G. § 3D1.2(d). These

counts had a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2), based on Dyer's two prior felony convictions for aggravated battery. Dyer received a four-level enhancement because he possessed the firearms in connection with another felony offense, resulting in an adjusted offense level of 28. U.S.S.G. § 2K2.1(b)(5).

Turning to the pseudoephedrine charge (Count II of Case No. 05-30056), Dyer had a base offense level of 24 under U.S.S.G. § 2D1.11(a). He received a two-level increase in offense level for possessing a dangerous weapon under U.S.S.G. § 2D1.11(b)(1), resulting in an adjusted offense level of 26. The pseudoephedrine charge was grouped with the firearms charges under U.S.S.G. § 3D1.2(c). This resulted in an adjusted offense level for the grouped offenses of 28 under U.S.S.G. § 3D1.3(a), which instructs the Court to use the highest offense level of the counts in the group. The Court then applied the career offender enhancement under U.S.S.G. § 4B1.1(b)(C), raising Dyer's offense level to 32. Dyer was entitled to a three-level reduction in offense level for acceptance of responsibility. U.S.S.G. § 3E1.1. Accordingly, Dyer's final offense level was 29. Dyer had eighteen criminal history points, placing him in Category VI. Moreover, as a career offender, Dyer's criminal history category was VI. An

offense level of 29 and criminal history Category VI calls for a sentence of 151-188 months imprisonment, which is in Zone D of the Guideline range. The firearms counts, however, have a statutory maximum sentence of 120 months imprisonment, which the Court recognized. Furthermore, the Government moved for a 10 percent downward departure in Dyer's sentence based on Dyer's substantial assistance.[1]

THEREFORE, after considering the case file, the PSR, the statements of counsel, Dyer's sentencing memorandum, the evidence presented, Dyer's own statement, the applicable sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Dyer to 144 months imprisonment on Count II in Case No. 05-30056 concurrent with 120 months on Case No. 05-30039 and Count I of Case No. 05-30056, to run concurrently. The Court imposed a $300.00 special assessment; however, based on Dyer's financial profile, the Court did not impose a fine. Dyer was ordered to pay restitution in the amount of $2,724.50 to the Drug Enforcement Administration, Hazardous Waste Disposal Section, Attention: SFH, Washington, D.C. 20537-0001. The special assessment

---

[1] The Court notes that the U.S.S.G. are advisory, pursuant to United States v. Booker, 125 S. Ct. 738 (2005).

and the restitution were ordered to be paid as follows: (1) while in prison, Dyer shall pay the greater of (a) the sum of $25.00 per month, or (b) 50 percent of his monthly earnings; and (2) upon his release from prison, Dyer shall pay 50 percent of his monthly disposable income.  The payments shall be applied first to the special assessment and then to the restitution. Should Dyer receive a sum of money from any source that exceeds the amount of the then unpaid special assessment and restitution, he shall report the matter to the Probation Officer and the entire amount of the unpaid restitution and special assessment shall be immediately due and payable.  Should Dyer fail to make any prescribed payment without giving prior notice to the Probation Office or the Court, the entire amount of the unpaid special assessment and restitution shall be immediately due and payable.  After his release from prison, Dyer was ordered to serve a period of three years of supervised release on each count of conviction, to run concurrently.  The Court informed Dyer of his appeal rights.

    IT IS THEREFORE SO ORDERED.

ENTER:   December 8, 2005.

    FOR THE COURT:

                      s/ Jeanne E. Scott
                     JEANNE E. SCOTT
           UNITED STATES DISTRICT JUDGE